GENERAL OMNIBUS COMPANY OF NEWARK, PROSECU-TOR, v. BOARD OF COMMISSIONERS OF THE CITY OF NEWARK, RESPONDENT.

Submitted March 17, 1921—Decided June 1, 1921.

1. Where no genuine attempt is made to comply with the conditions of a franchise to operate jitney lines, but an offer was made to run only one bus on each line, the board of commissioners was justified in revoking the franchise, the number contemplated by the franchise ordinance, although not specified, evidently being a great many more.

2. Such revocation having been ordered after hearing before the board of commissioners as a statutory tribunal—*Held,* that the commissioners were not disqualified to sit because of previous informal expressions of opinion that the franchise ought to be revoked, or because in the preamble of the order to show cause preceding the hearing, it was stated that in the judgment of the board the company had failed to comply with the terms of its franchise.

On *certiorari.*

Before Justices SWAYZE, PARKER and BLACK.

For the prosecutor, *Riker & Riker.*

For the defendant, *Jerome T. Congleton.*

The opinion of the court was delivered by

PARKER, J.   Prosecutor by this writ attacks the validity of an ordinance passed by the defendant board of commissioners on October 14th, 1920, revoking and annulling a franchise ordinance passed in favor of prosecutor on January 9th, 1919, and accepted by it February 1st, 1919.   The franchise ordinance conferred the power to operate five autobus or jitney lines within the city limits over specified routes, and was passed in conformity to the so-called "Kates act" (*Pamph. L.* 1916, *p.* 283), which provides, among other things, that the "consent" of the city may be revoked after notice and hearing whenever it shall appear that the concessionnaire has failed to furnish and keep in force the accident insurance and power of attorney to acknowledge service of process required by the act, or to comply with any terms or conditions imposed by the board or body granting such consent, or by any law of the state.

The ordinance giving consent to operate required, among other things, that the company should commence operations within six months from date of their acceptance, which period might be extended to eight months from the granting of the consent; and that any time lost by operation being prevented by legal proceedings should be added to the period.

There were delays on account of legal proceedings (see *Public Service Railway Co.* v. *General Omnibus Co.,* 93 *N. J. L.* 344) which the parties apparently agreed would operate to postpone the commencement of service till May 1st, 1920. On April 29th, 1920, the commissioners granted an extension till July 1st, 1920.   On that date a representative of competing interests appeared before the board and urged that the franchise be revoked by reason of lapse and for non-user. The company's representative was also present and stated it was ready to start operations with five buses, for which he had filed the necessary insurance.   The matter was laid over, and on July 15th the commissioners adopted by resolution a rule to show cause why the franchise should not be revoked, and setting July 29th at ten-thirty A. M. for hearing.   Four grounds were stated—failure to operate over the specified

routes; failure to file the necessary insurance; failure to file the power of attorney; and failure to "cause auto buses to be run on said routes at such reasonable times as the director of streets and public improvements has by rule required." At the return day the matter was adjourned to September 23d, when it was fully heard with the aid of counsel and decision laid over a week. Later, the ordinance under review was adopted. This revokes the franchise on the sole ground that the company did not commence operations within the time fixed by the franchise ordinance as extended.

The principal point made for setting aside this ordinance is, that it appears from the evidence that the company complied with the terms of the franchise so far as it was allowed to by the director of streets and public improvements.

The basis of this seems to be that when it tendered five buses as ready for service, one on each route, it was told by the commissioner in question that he would not allow their operation. It also appears that all the buses permitted by existing rules on these routes were already in service under other management. Counsel undertake to put these two things together, and argue that the only reason for forbidding prosecutor to operate these five buses, on routes where in all over one hundred and fifty were in service, was that the list was full. But there was clearly a broader and an adequate reason. The franchise ordinance does not specify the minimum number that prosecutor is to operate, but the stipulated franchise tax of five per cent. on gross receipts, with a minimum of $8,000 the first year and $10,000 the second, and so on, indicates a number of buses contemplated in comparison with which the number of five tendered on July 1st, and never increased up to the hearing, is insignificant, and to be taken as indicating no more than a desire to hold the franchise with a minimum of effort; in short, no genuine attempt at a reasonable compliance with the conditions. In this aspect we deem the action of the board legally justified.

The other two grounds urged are that the commissioners were prejudiced and had made up their minds beforehand

(which amounts to the same thing) and that the prosecutor did not have a fair hearing; a natural corollary from the foregoing. The circumstances on which these points are predicated are that one or more of the commissioners said, in the preliminary discussion, that in their opinion the license ought to be revoked; that the commissioner in charge said he had refused to let the five buses operate, and that the rule to show cause recites that in the judgment of the board the company has failed to comply with the terms of its franchise. As to the remarks in question, they preceded the formal hearing and even the rule to show cause; and no more disqualify *per se* those that uttered them than the expressed opinion of a juror before he is sworn disqualifies him. *State* v. *Fox*, 25 N. J. L. 566. As to the recitals in the rule to show cause, which itself is merely a notice of what is contemplated, they are simply a preamble and indicate no more by way of findings of fact than similar recitals in a rule to show cause in an action at law or an order to show cause in Chancery, which are common every-day practice.

The writ will be dismissed, with costs.